UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KURT SCHNELL,

    Plaintiff,

    v.

INTERSTATE ASSEMBLY SYSTEMS, INC.,

    Defendant.

No. 2:24-cv-01314-CKD

ORDER

    Plaintiff Kurt Schnell proceeds on a verified complaint for damages alleging wrongful termination under California law and violations of the California Labor Code. (ECF No. 1-1.) This matter is before the undersigned for all purposes including trial and entry of judgment. (See ECF Nos. 6, 7, 8.)

    Defendant, Interstate Assembly System, Inc., moves to dismiss the complaint under Rule 12(b) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. (ECF No. 9.) This matter is appropriate for decision without oral argument under Local Rule 302(g). For the reasons set forth below, the motion to dismiss is denied. Plaintiff's request for sanctions under 28 U.S.C. § 1927 is also denied. The hearing set to take place on September 11, 2024, is vacated. The parties shall meet, if they have not already done so, as required by Federal Rule of Civil Procedure 26 and file a Joint Status Report addressing the relevant portions of Local Rule 240(a) for the court's entry of a pretrial scheduling order.

1

**I. Background**

    **A. Complaint's Allegations**

Plaintiff began working at Defendant Interstate Assembly Systems in about November 2021. (ECF No. 1-1, ¶ 6.) In January 2024, plaintiff asked defendant's Vice President Spencer Hinson "when Plaintiff would receive the roughly $10,000 bonus that Plaintiff earned for work performed in 2023." (Id., ¶ 8.) Mr. Hinson stated Plaintiff was no longer entitled to the bonus because the previous company, Lodi Truck and Equipment, sold to defendant, Defendant Interstate Assembly Systems. (Id., ¶ 9.) Plaintiff informed Mr. Hinson defendant "legally owed plaintiff the money." (Id.) Defendant refused to pay plaintiff the wages owed. (Id.)

Plaintiff then complained to defendant's Executive Vice President, Landis Brozard, "regarding Plaintiff not getting paid the bonus that Plaintiff had earned." (ECF No. 1-1, ¶ 10.) "Mr. Brozard informed Plaintiff that Plaintiff did not qualify for the bonus." (Id.) Plaintiff responded to Mr. Brozard that "Plaintiff was legally entitled to the bonus." (Id.)

On or about February 9, 2024, defendant paid plaintiff the $10,5000 bonus plaintiff had earned. (ECF No. 1-1, ¶ 11.) On the same day, defendant terminated plaintiff's employment. (Id.) The complaint asserts the following causes of action: (1) retaliation under California Labor Code § 98.6; (2) retaliation under California Labor Code § 1102.5; and (3) wrongful termination in violation of public policy. (ECF No. 1-1.)

    **B. Relevant Procedural History**

Plaintiff filed the complaint in the Yolo County Superior Court and defendant removed the case to this court on May 6, 2024. (ECF No. 1.) On June 26, 2024, defendant filed the present motion seeking dismissal of the complaint. (ECF No. 9.) Defendant argues the court should dismiss the complaint without leave to amend because (1) plaintiff lacks standing and (2) the complaint fails to state a claim. (Id.)

Plaintiff opposes the motion to dismiss and requests sanctions against defendant's counsel under 28 U.S.C. § 1927, arguing defendant was warned the arguments presented relied on "outdated case law, versions of statutes that had since been amended, and presentations of the California Labor Code that directly conflicted with the plain language of the referenced statutes

and the interpretations of those same statutes published by the Labor Commissioner." (ECF No. 10.) Defendant filed a reply. (ECF No. 11.)

## II. Legal Standards

### A. Subject Matter Jurisdiction and Standing

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure seeks dismissal for lack of subject matter jurisdiction. Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Standing is a constitutional requirement for the exercise of subject matter jurisdiction over disputes in federal court. Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016). A key component of standing is satisfaction of the injury-in-fact requirement that plaintiff has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)); see also Tailford v. Experian Info. Sols., Inc., 26 F.4th 1092, 1099 (9th Cir. 2022).

### B. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible on its face if the plaintiff has pleaded sufficient facts to allow the court, taking all of the complaint's factual allegations as true, to draw a "reasonable inference that the defendant is liable" for the alleged misconduct. Id.

////

### III. Discussion

#### A. Defendant's Motion

Defendant argues plaintiff fails to allege facts sufficient to state a claim that he suffered a violation of his statutory rights implicated by section 98.6 or section 1102.5 of the California Labor Code, and thus that he has not suffered an injury in fact and lacks standing. (ECF No. 9 at 4-8.) Defendant argues the complaint alleges a mere dispute over plaintiff's employment contract, which is not a violation of law or protected whistleblower complaint. (Id. at 7-8.) Defendant argues no Labor Code section entitles plaintiff to the bonus payment at issue in this action and that plaintiff's internal complaint concerning the bonus is insufficient to constitute protected activity under either Labor Code section asserted in the complaint. (Id. at 4-9.)

Plaintiff responds that he meets the injury in fact requirement and has standing to sue because his statutory rights were abridged under both sections of the California Labor Code pleaded. (ECF No. 10 at 9-13.) Plaintiff charges defendant with "deliberate[ly] misrepresent[ing]" that a "bonus" is not "wages" for purposes of California Labor Code. (Id. at 10.) Plaintiff argues the complaint also states a plausible claim in the third cause of action (wrongful termination in violation of public policy). (Id. at 20-21.)

In reply, defendant argues plaintiff fails to specifically allege he met the conditions precedent entitling him to a bonus payment, and thus that he fails to allege protected activity. (ECF No. 11 at 2-4.) Defendant argues plaintiff's opposition fails to address the distinction between a contingent expectation of wages and earned wages, and that demanding an unearned sum of money is not protected activity under either statute. (Id. at 2, 4-6.) Defendant argues plaintiff's opposition misconstrues defendant's arguments, including to state the Labor Code does not protect internal complaints.[1] (ECF No. 11 at 2, 6-7.) Defendant agrees that an earned "bonus" constitutes "wages" under California Labor Code section 98.6(a). (ECF No. 11 at 4.) However, defendant argues plaintiff cannot plausibly allege a violation of his rights without alleging both

---

[1] Defendant has clarified the confusing argument in the reply, but plaintiff reasonably construed defendant's motion to dismiss as arguing that internal complaints are not protected activity. (See ECF No. 9 at 7-8.)

that the bonus was still in effect and that plaintiff met the conditions precedent to earn the bonus. (Id.)

First, the authorities cited by defendant fail to establish that plaintiff must discretely allege both that the bonus was still in effect and that plaintiff met the conditions precedent in order to state a statutory retaliation claim under the California Labor Code. That the bonus was still in effect and that plaintiff met the conditions precedent are inferences fairly drawn from the complaint's allegations discussed below. Second, contrary to defendant's arguments, the allegations do not involve an unearned or unilaterally expected sum of money. (See ECF No. 1-1, ¶ 8 (describing the bonus at issue as a bonus "that Plaintiff earned for work performed in 2023"; id., ¶ 9 (alleging, in relevant part, that "Defendant… refused to pay Plaintiff the wages that Plaintiff was owed"; ¶ 10 ("Plaintiff was forced to complain… regarding Plaintiff not getting paid the bonus that Plaintiff had earned").)

California Labor Code section 98.6 expressly makes it unlawful to "discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee" because they "made a written or oral complaint that they are owed unpaid wages" among other listed protected conduct. Cal. Lab. Code § 98.6(a). Defendant acknowledges plaintiff made internal complaints "regarding [plaintiff's] belief that he was entitled to a performance bonus." (ECF No. 9 at 6.) Defendant construes the complaint's allegations too narrowly and not in a light favorable to the plaintiff. Plaintiff's complaint was that plaintiff was owed an earned bonus which constituted unpaid wages within the meaning of section 98.6 of the California Labor Code. (See ECF No. 1-1, ¶¶ 8-10.)

In addition, under California Labor Code section 1102.5, it is unlawful to "retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information… to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance… if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5(b). Plaintiff adequately alleged he demanded

5

an earned sum of money first from defendant's Vice President, Spencer Hinson, and then raised the issue to defendant's Executive Vice President, Landis Brozard. (See ECF No. 1-1, ¶¶ 8-10.) Plaintiff adequately alleged he was complaining about a violation of law when he did so. (See id.) Under the complaint's allegations, defendant paid plaintiff the bonus plaintiff had earned and terminated plaintiff's employment on the same date, after plaintiff complained. (Id., ¶ 11.)

Considering the above, plaintiff satisfies the injury-in-fact requirement for Article III standing and pleads a plausible retaliation claim under both section 98.6 and section 1102.5 of the California Labor Code. In addition, the complaint states a plausible claim for wrongful termination in violation of public policy in plaintiff's third cause of action. As set forth above, the court rejects defendant's argument that plaintiff did not plead any protected activity under the California Labor Code. Thus, the motion to dismiss is denied on all asserted grounds.

### B. Sanctions

Plaintiff argues the conduct of defendant's counsel in bringing the motion to dismiss warrants sanctions under 28 U.S.C. § 1927, which provides

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Plaintiff requests sanctions in the amount of $7,100 for attorneys' fees and expenses incurred in opposing the motion to dismiss. (Id. at 21-22.)

Plaintiff's opposition argument requesting sanctions is a "request made to the Court for an order or other judicial activity" and is therefore a "motion" under Local Rule 101. The motion does not comply with Local Rule 230 and is deficiently filed. In addition, although some of defendant's arguments are not well-taken, the court does not make the required finding of bad faith to support an award of sanctions under 28 U.S.C.A. § 1927. See In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996) (sanctions under section 1927 "must be supported by a finding of subjective bad faith" which is present "when an attorney knowingly or recklessly raises a frivolous argument" or "argues a meritorious claim for the purpose of harassing an opponent").

**IV.     Conclusion and Order**

For the reasons set forth above, IT IS ORDERED as follows:

1. The court VACATES the hearing on defendant's motion to dismiss set to take place on September 11, 2024.
2. Defendant's motion to dismiss (ECF No. 9) is DENIED.
3. Plaintiff's request for sections under 28 U.S.C. § 1927 is DENIED.
4. Defendant shall file a responsive pleading within 14 days of the date of this order. See Fed. R. Civ. P. 12(a)(4)(A).
5. Within 30 days from the date of this order, if they have not already done so, the parties shall meet, in person or by telephone, as required by Federal Rule of Civil Procedure 26.
6. Within 7 days after the parties' Rule 26 discussion, the parties shall file a joint status report and may optionally request a hearing before the Magistrate Judge for the purpose of entry of a pretrial scheduling order. The report shall address the following matters:
   a. Service of process;
   b. Possible joinder of additional parties;
   c. Any expected or desired amendment of the pleadings;
   d. Jurisdiction and venue;
   e. Anticipated motions and their scheduling;
   f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;
   g. Future proceedings, including setting appropriate cut−off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;
   h. Special procedures, if any;
   i. Estimated trial time;
   j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

    k. Whether the case is related to any other cases, including bankruptcy;

    l. Whether a settlement conference should be scheduled;

    m. The parties' positions with respect to Voluntary Dispute Resolution (VDRP) under Local Rule 271(d); and

    n. Any other matters that may add to the just and expeditious disposition of this matter.

Dated: August 29, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Schnell24cv1314.mtd+isc

8